E-FILED
Friday, 16 September, 2005  12:29:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.  03-10062 |
| ) | |
| LONNIE C. DAINTY, ) | |
| ) | |
| Defendant. ) | |

<u>MOTION OF LONNIE C. DAINTY FOR PRODUCTION
OF FAVORABLE EVIDENCE AND EXCULPATORY MATERIAL</u>

   NOW COMES Defendant, LONNIE C. DAINTY, by his Attorney, WILLIAM K. HOLMAN, and moves for the production of exculpatory materials and information pursuant to the mandate of *Brady v. Maryland*, 37 U.S. 83, 10 L. Ed. 2d 215 (1963), pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution, and pursuant to the effective assistance of counsel guarantee of the Sixth Amendment to the United States Constitution, for the entry of an Order requiring the government to disclose any evidence or information in its possession which is favorable to this Defendant which is material to the issue of his guilt or innocence or sentencing, or which bears upon the credibility of a government witness.

   Furthermore, Defendant, LONNIE C. DAINTY, moves for an entry of an order directing the United States' Attorney to make inquiry and immediately deliver to the Defendant all evidence which is, or may be, in any way favorable to the Defendant or which could lead to such evidence.  By "favorable" Defendant means any evidence which could be exculpatory or mitigating as required by *United States v. Bagley*, 473 U.S. 667, 87 L. Ed. 2d. 481 (1985), and *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d. 215 (1963). Defendant further intends to include any evidence that is impeaching within his request, as required by *Bagley*, 87 L. Ed. 2d. at 489-490.

Without limiting the generality of the foregoing information and evidence, the information and evidence requested includes, but is not limited to:

1.  The name and address of every person whom the government has interviewed in connection with this case, but whom it does not intend to call as a witness at trial, specifically including, but not limited to co-defendants of LONNIE C. DAINTY.

2.  Every written statement or transcript, recording, summary, or notes or rough notes or oral statement given by any person described in paragraph 1 above, including all drafts of same.  If such written statement or transcript, recording, summary, or notes or rough notes or oral statements given by any person, including all drafts of same, have been destroyed, disclose the date, place, and reason for destruction, the agency regulation authorizing destruction, the identity of the person authorizing destruction, and the identity of the person who destroyed the item in question.

3.  The names and addresses of all persons known to counsel for the government, or who by the exercise of due diligence may become known, whose testimony would be favorable to this Defendant, either by attacking the credibility of a government witness or by affirmatively supplying facts supporting the defense.  *United States v. Leichtfuss*, 331 F. Supp. 723, 735 (N.D. Ill. 1971); *United States v. Eley*, 335 F. Supp. 353 (N.D. Ga. 1972).

4.  Any information tending to cast doubt upon a witness's credibility including:

    a.  Prior inconsistent statements, whether found in Grand Jury testimony or FBI reports.
    b.  Any recorded testimony which is inconsistent with other evidence furnished in discovery.

   c. All material which tends to impeach a Plaintiff's witness, including any formal, or informal promises to reward a witness, also any informal understandings.

   d. All information regarding the status of any individual who is connected with this case in any way as an informant of the UNITED STATES OF AMERICA.

   e. Prior criminal convictions of any individual who the UNITED STATES OF AMERICA intends to call at the trial of this cause.

   f. FBI rap sheets of any of the above individuals.

   g. Reports of polygraph tests performed upon Plaintiff's witnesses.

  5. All documents, testimony, or other information from any source whatsoever, the existence of which is known, or by the exercise of due diligence may become known, to counsel for the government, which is or may be favorable to the Defendant, either through an indication of his innocence or bearing either upon the credibility or the potential impeachment of any government witness.

  6. All letters, reports and opinions of government personnel which letters, reports or opinions are inconsistent in whole or in part with the indictment allegations against LONNIE C. DAINTY, or other defendants.

  7. All documents, testimony, or other information, the existence of which is known to the government, which show, tend to show, or from which a reasonable man could infer, that:

   a. Any fact that the government will seek to prove at trial is or may be untrue;

   b. Any potential government witness had, at any time, made statements (either oral, written, transcribed, or recorded) inconsistent with what his trial testimony will be or which bear upon the credibility of any such witness, See *Brady v. Maryland*, 373 U.S. 83 (1963); *Giles v. Maryland*, 386 U.S. 66 (1967); *David v. Heyd*, 479 F.2d 446 (5th Cir. 1973);

   c. Another person has made a statement which contradicts or is inconsistent with the expected testimony of any government witness, see *Levin v. Clark*, 408 F.2d 1209, 1212-15 (D.C. Cir. 1968);

3

   d. Some documentary piece of evidence exists which contradicts or is inconsistent with the expected testimony of any government witness.  See *Brady v. Maryland, Supra; United States v. Poole*, 379 F.2d 645, 648-49 (7th Cir. 1967).

 8. Material of any kind whatsoever bearing upon the guilt or innocence of the Defendant or upon the credibility of any witness or the reliability or authenticity of any tangible evidence.

 9. Disclosure of whether or not any payment or grant or promise or immunity or any other favorable consideration, direct or indirect, implied or expressed, has been made by any government officer, employee, attorney or agent to any witness or other person in connection with the investigation or prosecution of this case.

 10. State whether any potential witness made a proffer for which immunity or other consideration was not given.  State whether any potential witness made a proffer for which immunity or other consideration was conditioned on the proffer being helpful to the government's case, or on a prosecutor or other government employee being satisfied with the proffer.

 11. Disclosure of whether or not any implied or expressed threat, promise or inducement was made to any person during the investigation of this case by any governmental official, employee, attorney or agent, particularly, but not limited to, implied or expressed threats such as, "You can either be a witness or a defendant;"  "If you do not tell the truth you are going to be indicted."  "We can help you if you tell the truth";  "Your cooperation will be considered"; or any other code words used to convey an offer, promise or suggestion to a witness or potential witness that he might or would receive a thing of value for his testimony.

 12. If the answer to paragraphs 8 and/or 10 above is in the affirmative, disclosure of the name, address and telephone number of each person who received or benefited from such payment, grant, threat or inducement; to be permitted to inspect and copy every document or paper in the possession of the government which authorizes, approves, implements or evidences such payment, promise, grant, threat or inducement; and to be provided with the

name of the government employee, officer, attorney or agent acting as specified in paragraphs 5 and 6.

13. All documents, memoranda, or correspondence which reflect or refer to the existence, substance, or manner of execution or fulfillment of any promises, understandings, or arrangements, either oral, written, or implied, between the government and any person or organization whom the government intends to call as a witness in the trial of its case, or between the government and the attorneys or representative for any such person or organization, wherein the government has agreed or offered (a) not to prosecute such person or organization for a particular crime or crimes; (b) to seek or obtain a formal grant of immunity in connection with testimony given by any such person; or (c) to make any other recommendation of benefit or promise of leniency or to provide any other assistance to such person or organization. Included in this request, among other things, would be letters written or to be written for the benefit of any government witness by or at the invitation of any government official. See *Giglio v. United States*, *Supra*.

14. Any writings which relate or refer to any authorization or request for authorization to seek or obtain a grant of immunity for any person whom the government intends to call as a witness in the trial of this case. *Id*.

15. Disclosure of whether or not any government officer, employee, attorney or agent in the course of any federal criminal investigation of the Defendant has threatened any person with being prosecuted or being served with a Grand Jury subpoena or with being brought before a federal grand jury. This request includes any and all federal grand juries that have investigated the Defendant.

16. If the answer to paragraph 14 above is in the affirmative, disclosure of the name, address and telephone number of each such person and the name and address of the government officer, employee, attorney or agent issuing the threat.

17. Disclosure to the court, for in camera inspection, of all information with the purview of requests 1-13 above, which is not disclosed to the Defendant because the government has a

sincere question as to whether the information is favorable to the Defendant as being on the innocence, guilt or punishment of Defendant or bearing on the credibility of any potential government witness, or because the government believes that it need not disclose the requested information at this time.

18. Due to the complexity of the impending trial and to the fact that the government has had considerable time to prepare its case and because of the number of defendants, mass of documents and other evidence, the Defendant respectfully requests that all *Brady* material be disclosed at the earliest possible moment to enable him effectively utilize such information and material in the preparation of his defense.

19. It is respectfully requested that the Order of this Honorable Court provide that the government is under a continuing obligation to furnish favorable evidence as such comes to its attention through the course of its preparation and participation in the trial of this case and in any post-trial proceedings.

In support of this motion, the following statement of points and authorities is submitted pursuant to Local Rule 12(b) (C.D. Ill. 1980):

Under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963) the government is required under the "due process" clause to disclose all evidence that is exculpatory if or favorable to the defendants on the issue of guilt or punishment. Under *United States v. Agurs*, 427 J.S. 97 (1976) the Supreme Court recognized that the government's obligation under *Brady* was determined by the materiality of the information sought when measured against he specificity of the defense request. The prosecutor's good or bad faith was immaterial to the finding of a *Brady* violation.

When a request is made, the government must disclose all evidence in its possession that could be used to impeach its witness under the *Brady* obligation. See, *Giglio v. United States,* 92 S. Ct. 763, 405 U.S. 150, 154-155 (1972) (*Brady* rule extends to material evidence affecting credibility of government witness); *United States v. Herberman*, 583 F.2d 222, 229 (5th Cir. 1978) (undisclosed grand jury testimony that contradicted trial

6

testimony is impeachment evidence discoverable under *Brady*) see, generally, *United States v. Anderson*, 574 F.2d 1347, 1354 (5th Cir. 1978).

   The requests made in Defendant's' otions are not general in nature, see, *United States v. Mackey*, 571 F.2d 376 (7th Cir. 1978); *United States v. Delk,* 586 F.2d 513, 518 (5th Cir. 1978). The requests herein are specific and thus, the threshold obligation of the government to disclose the evidence and information sought is lower as to materiality. *Galtieri v. Wainwright*, 582 F.2d 348, 363 (5th Cir. 1978) (*en banc*). Moreover, the courts have continued to recognize the rule enunciated in *Garrison v. Maggio*, 540 F.2d 1271 (5th Cir. 1976) that if the government fails to disclose evidence useful to the defense solely for impeachment purposes when no specific request is made, a *Brady* violation has been committed. See, e.g., *United States v. Anderson*, 574 F.2d 1347 (5th Cir. 1978).

   Consequently, all exculpatory material in the government's possession listed in each category of Defendant's motion must be disclosed under the government's *Brady* obligation and it must be disclosed well in advance of the trial. See *United States v. Agurs, supra*.

                    LONNIE C. DAINTY,  Defendant


                    BY: _/s/_____William K. Holman_____
                    WILLIAM K. HOLMAN  ISBA#1249622
                    Attorney at Law
                    124 N.E. Madison Ave.
                    Peoria, Illinois  61602
                    Phone:  (309)  677-6342
                    Fax:    (309)  673-3946
                    WWKHOLMAN@aol.com,
                    GELLAL2@aol.com

CERTIFICATE OF SERVICE

    I hereby certify that on September 16, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   K. Tate Chambers - tate.chambers@usdoj.gov,
kimberly.ritthaler@usdoj.gov,
diane.hayes@usdoj.gov,
margo.l.scamp@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: NONE.

                                LONNIE C. DAINTY,  Defendant

                                BY:  /s/     William K. Holman
WILLIAM K. HOLMAN   ISBA#1249622
Attorney at Law
124 N.E. Madison Ave.
Peoria, Illinois  61602
Phone:  (309)  677-6342
Fax:    (309)  673-3946
WWKHOLMAN@aol.com,
GELLAL2@aol.com